**In re L & S CONCRETE SERVICES, INC., Debtor.**

**UNITED STATES of America, Appellant,**

v.

**Dan O'ROURKE, Appellee.**

**No. C–89–365–JLQ.**

United States District Court, E.D. Washington.

April 26, 1991.

Thomas Moore, Washington, D.C., for appellant.

Gregory J. Jalbert, Southwell, O'Rourke, Jalbert & Kappelman, P.S., Spokane, Wash., for appellee.

MEMORANDUM OPINION AND ORDER VACATING BANKRUPTCY COURT'S JUDGMENT AND REMANDING TO BANKRUPTCY COURT FOR FURTHER PROCEEDINGS

QUACKENBUSH, Chief Judge.

BEFORE THE COURT is the United States of America's appeal of the March 9, 1989 judgment by the Bankruptcy Court in the above-entitled matter, heard without oral argument on April 22, 1991. Having reviewed the record and fully considered this matter, the court ORDERS that the Bankruptcy Court's judgment is VACATED and this matter is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND

On August 20, 1986, L & S Concrete Services, Inc., (L & S) filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code. Within the 90 days prior to the filing of the bankruptcy petition, two payments, one for $2000.00 and one for $4000.00, had been made to the Internal Revenue Service. These payments are the subject of the issues of this appeal.

After the filing of the bankruptcy petition, Mr. Dan O'Rourke was appointed trustee. As trustee, he filed an adversary suit against the United States to avoid the payments made to the IRS as preferential transfers. The trustee filed a motion for summary judgment, which the Bankruptcy Court granted on March 9, 1989. The Bankruptcy Court found that the monies paid to the IRS had been derived from proceeds from the company's accounts receivable. The court held that, because the monies were paid from a general account, any trust funds in the account would have lost their identity as trust funds. The court found that at no time had the monies been transferred into a special account for the purpose of paying the amounts due the IRS. For those reasons the Bankruptcy Court entered judgment on behalf of the trustee for $6000.00.

The Government appealed the Bankruptcy Court's judgment to this court. Prior to the filing of trustee's brief, the court stayed the appeal pending a determination on another case, *In re Pacific East Air, Inc.*, by the Ninth Circuit Court of Appeals. The Ninth Circuit's decision in *Pacific East Air* does not discuss the facts or legal issues of that case; the Ninth Circuit vacated the district court's opinion and remanded it for further proceedings consistent with a recently decided opinion by the Supreme Court, *Begier v. Internal Revenue Service*, —— U.S. ——, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990).

In this appeal the Government contends that the monies at issue in this case were not property of the debtor as a matter of law, and, therefore, that the Bankruptcy Court erred when it held that these funds were avoidable monies under 11 U.S.C.

§ 547(b). The Government contends that *Begier* controls the facts of this case and mandates reversal of the Bankruptcy Court's judgment. The trustee asserts that *Begier* does not control this case and the court should therefore affirm the Bankruptcy Court's judgment; in the alternative, the trustee requests that this case should be remanded for further proceedings by the Bankruptcy Court.

## STANDARD OF REVIEW

A Bankruptcy Court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. *In re Contractors Equip. Supply Co.*, 861 F.2d 241, 243 (9th Cir.1988). "A finding of fact is clearly erroneous when, after reviewing the evidence, the court is 'left with the definite and firm conviction that a mistake has been committed.'" *Id.*

## DISCUSSION

Under Chapter 7 of the Bankruptcy Code, a trustee has the power to avoid certain payments made by the debtor within 90 days prior to the filing of the bankruptcy petition. 11 U.S.C. § 547. In order to avoid a prepetition transfer of monies, the trustee must show that the property is the property of the debtor. 11 U.S.C. § 547(b).

The Internal Revenue Code requires third persons (i.e., businesses) to collect federal income tax, Federal Insurance Contributions Act (FICA) taxes, and federal excise taxes. These taxes are protected by the imposition of a statutory trust on these funds on behalf of the Government. 26 U.S.C. § 7501. The Supreme Court had previously held that the priority provisions of the Bankruptcy Code superseded the statutory trust created by 26 U.S.C. § 7501. *United States v. Randall*, 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971). When Congress enacted the new Bankruptcy Code, it provided that a bankruptcy estate does not include property "in which the debtor holds ... only legal title and not an equitable interest." 11 U.S.C. § 541(d). Thus, monies held in trust for the IRS are not considered the property of

the debtor for purposes of exercising the trustee's avoidance power.

The Supreme Court recently addressed the significance of the new Code as it applies to the trust-fund taxes and the applicability of *Randall*. In *Begier v. Internal Revenue Service*, —— U.S. ——, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990) a trustee brought suit against the IRS seeking to avoid payments of trust-fund taxes as preferential transfers. After the debtor had fallen behind in its payments to the IRS at the beginning of 1984, the IRS ordered that all trust-fund taxes thereafter be deposited in a separate bank account. Although the debtor established such an account, it did not deposit funds sufficient to cover the entire amount of taxes due; nevertheless, the debtor remained current on these obligations until June 1984. *Id.*, 110 S.Ct. at 2261.

In July 1984, the debtor sought relief under Chapter 11 of the Bankruptcy Code. After operating unsuccessfully for 3 months, the Bankruptcy Court appointed a trustee (i.e., Begier) and converted the case to a Chapter 7 liquidation. Seeking to exercise his § 547 avoidance power, the trustee filed an adversary action against the Government to recover the entire amount that the debtor had paid to the IRS for trust-fund taxes during the 90 days before the filing of the bankruptcy petition. *Id.* at 2261–62.

The Supreme Court addressed several issues relating to payment of trust-fund taxes. First, the court concluded that a trust was created under 26 U.S.C. § 7501 "at the moment the relevant payments (i.e., from customers to [the debtor] for excise taxes and from [the debtor] to its employees for FICA and income taxes) were made." *Id.* at 2264. Second, the court held that the strict rule of *Randall* did not survive the passage of the new Bankruptcy Code. *Id.* at 2265. In instances where withheld monies are commingled with other assets of the debtor, the courts would permit the use of reasonable assumptions by which the IRS can show that withheld taxes are still in possession of the debtor at the filing of the bankruptcy petition. *Id.*

By requiring the IRS to demonstrate the possession of withheld trust-fund taxes at the filing of the petition, the IRS would have to show some connection between the § 7501 trust and the assets sought to be applied to a debtor's trust-fund tax obligations. *Id.* The court quoted a House Report and stated that the report gave the Court sufficient guidance to conclude that the nexus had been satisfied in *Begier:*

> A payment of withholding taxes constitutes a payment of money held in trust under Internal Revenue Code § 7501(a), and thus will not be a preference because the beneficiary of the trust, the taxing authority, is in a separate class with respect to those taxes, if they have been properly held for payment, as they will have been if the debtor is able to make the payments.

*Id.* at 2267.

The Supreme Court concluded that a bankruptcy trustee cannot "avoid any voluntary prepetition payment of trust-fund taxes, regardless of the source of the funds." *Id.* at 2267. The debtor's act of voluntarily paying its trust-fund tax obligation is therefore sufficient alone to establish the required nexus between the amount held in trust and the funds paid. *Id.* Because the debtor had paid trust-fund taxes—albeit, not from the fund which the debtor established to pay those taxes, the monies were not transfers of "property of the debtor" but were instead transfers of property held in trust; those transfers could not be avoided as preferences. *Id.*

The Government contends that the debtor requested that the $6000.00 in payments be applied to trust-fund taxes due in 1986. Appellant's Brief, p. 7–8. Because of the voluntary payments, the Government contends that *Begier* requires reversal of the Bankruptcy Court's judgment.

The trustee makes two arguments to distinguish *Begier* from the facts of this case. The trustee maintains that in this case the payments made to the IRS were essentially from monies from the accounts receivable, and the Government cannot trace these funds to monies held in trust at the time the payment was made. In short, the IRS has failed to present any evidence that the monies were held in trust.

Secondly, and more importantly, the trustee claims that there is no evidence in the record upon which the court can conclude the payments were in satisfaction of trust-fund taxes. The trustee disputes that the payments were made to satisfy trust-fund debts and instead states that the payments were made to the IRS without designation by L & S as to how they were to be applied. Appellee's Brief, p. 6. The trustee contends that the IRS has presented no evidence indicating that L & S requested payments be applied to trust-fund taxes or that they were in fact applied to trust-fund taxes. *Id.* The trustee also points out that the IRS typically applies non-designated monies to non-trust-fund debts because the IRS can always seek recovery for trust-fund taxes from corporate directors. The trustee contends that the IRS may be unable to show either that the monies had any designation by the debtor or that they were used, in fact applied, to trust-fund taxes. For these reasons the trustee seeks to have the Bankruptcy Court's judgment affirmed, or, in the alternative, to have this matter remanded to the Bankruptcy Court.

■ In regard to the trustee's first argument, there is no doubt that a voluntary prepetition payment of trust-fund taxes is not avoidable under *Begier.* Under *Begier* the Government need not demonstrate tracing to show that the debtor actually had collected trust-fund taxes if monies were paid in satisfaction of trust-fund tax debts. Whether the monies paid had been commingled with trust-fund monies or whether these monies were not trust-fund taxes (i.e., were only collected in satisfaction of accounts receivable) would not matter; under *Begier* a trustee cannot avoid the voluntary payment of monies paid to satisfy trust-fund debts.

■ However, the court finds the trustee's second argument to have merit. Under *Begier* the IRS must establish a connection between the assets sought to be recovered and the § 7501 trust. In *Begier,* the IRS could do so because the debtor had voluntarily paid trust-fund taxes and that

case holds that courts can reasonably assume that such voluntary payments satisfied the nexus requirement. Though the debtor in this case voluntarily paid money to the IRS, the entire issue before the court is whether the government has satisfied the nexus requirement.

If the Government's claim that the debtor requested that these monies be applied to trust-fund debts is true, then the case is identical to *Begier* and the Government is entitled to reversal of the judgment. However, if the funds were not designated, then there is an issue of fact as to the nexus between the funds sought and the § 7501 trust. Neither side has cited to the record to support that the Bankruptcy Court concluded that the monies were or were not paid to satisfy trust-fund taxes. If in fact the Government applied the funds against non-trust-fund tax debts, then the Government may be estopped from establishing such a connection.

Because the court cannot determine if these monies were paid in satisfaction of trust-fund debts, non-trust-fund debts, or both, the court HEREBY VACATES the Bankruptcy Court's judgment and REMANDS this matter to the Bankruptcy Court for the entry of factual findings and conclusions of law on this issue.

IT IS HEREBY ORDERED:

1. The March 9, 1989 judgment by the Bankruptcy Court in favor of the appellee for $6000.00 IS VACATED. This matter is REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion.

IT IS SO ORDERED. The Clerk is hereby directed to enter this Order and furnish copies to counsel.